UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY SCOCOZZO,** | : | Civ. No. 3:24-CV-1748 |
| **Plaintiff,** | : | **(Judge Munley)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MICHELLE HENRY, et al,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who is proceeding *pro se*, commenced this action by a complaint. (Doc. 1.) In this is a *pro se* lawsuit Scocozzo names multiple defendants and brings a host of legal challenges relating to the ability of the plaintiff to possess firearms. The plaintiff has, in a somewhat haphazard fashion, endeavored on several occasions to amend his complain. Most recently, on June 20, 2025 Scocozzo belatedly submitted an amended complaint to the court. (Docs. 91-2 and 91-3). Acting out of an abundance of caution, we GRANT this motion to amend and will permit the filing of this amended complaint since Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings and provides that

1

such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1. The plaintiff's proposed amended complaint, (Doc. 91-2 and 91-3), will be lodged by the clerk as the amended complaint in this matter. **Given that the plaintiff has been afforded numerous opportunities to amend his complaint absent exceptional circumstances and for good cause shown we will deem this to be the plaintiff's final complaint.**

2. We believe that this development has substantive significance for the parties with respect to the pending motions to dismiss the complaint filed by the defendants as well as the plaintiff's motion for declaratory judgment on this original complaint since, as a matter of law, an amended complaint takes the place of any prior complaint, effectively invalidating the prior complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Therefore, since the

prior complaints are now legal nullities the defendants' motions to dismiss these complaints, and the plaintiff's motion for preliminary injunction which was based on prior iterations of his complaint (Docs. 86, 90, 95), are DISMISSED as moot.

      3.    However, this leave to file an amended complaint is granted without prejudice to the assertion of any defenses or dispositive motions that the defendants or plaintiff may believe are appropriate with respect to the amended complaint.

      4.    Finally, consistent with the prior orders of this court, the defendants are afforded 60 days in which to respond to this final amended complaint. Any answers or dispositive motions shall be filed on or before **August 22, 2025**.

SO ORDERED, this 23rd day of June 2025.

                                            */s/ Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge